# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOX,<br><br>　　　　Petitioner,<br><br>v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>　　　　Respondent. | Case No.: 04cv0619- AJB (RBB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION OF KNUT S. JOHNSON TO WITHDRAW AND FOR APPOINTMENT OF ELLIS M. JOHNSTON, III AS CO-COUNSEL**<br><br>**[ECF No. 254]** |

On December 10, 2019, Petitioner filed a Motion of Knut S. Johnson to Withdraw as Counsel and Motion to Appoint Ellis M. Johnston, III in Place of Knut S. Johnson. (ECF No. 254.) Petitioner notes that "[o]n November 21, 2019, the President formally nominated Knut Johnson to be a U.S. District Court judge and sent that nomination to the Senate" and that "[a]lthough a mere nomination does not mean that the nominee will be confirmed, there is now a likelihood Mr. Box will lose one of his attorneys soon." (Id. at 1.) Petitioner states that "Mr. Box is entitled to two qualified attorneys for this capital habeas case," that "[a]fter confirmation (should that occur) Mr. Box will only have one attorney," and moves for the withdrawal of Mr. Knut Johnson and appointment of Mr. Ellis Johnston, III to replace him as co-counsel. (Id. at 1-2.)

///

18 U.S.C. § 3599(e) provides that: "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." In Martel v. Clair, 565 U.S. 648 (2012), the Supreme Court clarified the standard for evaluating and deciding substitution motions in capital proceedings, stating: "We hold that courts should employ the same 'interests of justice' standard that they apply in non-capital cases under a related statute, § 3006A of Title 18." Id. at 652.

Upon review, the Court is not persuaded that the interests of justice favor withdrawal of current co-counsel and appointment of replacement co-counsel at present. For one, the pending petition has been fully briefed by counsel and is under submission. Moreover, as Petitioner acknowledges, current co-counsel has not yet been confirmed, and Petitioner cites only this potential loss of co-counsel at some point in the future, rather than any current conflict or dispute, in support of the instant motion. Given the ongoing proceedings, Petitioner's motion for withdrawal and substitution [ECF No. 254] is **DENIED** without prejudice to renewal pending the outcome of Mr. Johnson's nomination.
**IT IS SO ORDERED.**

Dated: January 2, 2020

Hon. Anthony J. Battaglia
United States District Judge