UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOX,<br><br>                          Petitioner,<br><br>v.<br><br>JAMES HILL, Warden,<br><br>                          Respondent. | Case No.:  04cv0619-AJB (AHG)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER RE: KEY ISSUES FOR DISCUSSION AT ORAL ARGUMENT AND TIME ALLOCATIONS** |

      As noted in the Court's March 18, 2025, Order (*see* ECF No. 259), oral argument on the operative Petition in this case (*see* ECF Nos. 100, 173) will be held on **Thursday, June 26, 2025, at 10 a.m**.  Argument will be set for a total of up to 3 hours, evenly divided between the parties (up to 90 minutes each, including any rebuttal).  Following oral argument, the Court will take the pending matters in this case under submission, which includes Petitioner's request for an evidentiary hearing, Respondent's request to dismiss certain claims based on procedural defenses, and the pleadings concerning Petitioner's notice of lodgment.  (*See* ECF Nos. 100, 185, 217, 231, 235, 236-38, 245.)

      The Court advises the parties that it desires to hear substantive argument on the merits of Claims 10, 26A and 27A, and will provide up to 60 minutes for argument on Claim 10 (30 minutes each, including any rebuttal) and up to 50 minutes for argument on

Claims 26A and 27A (25 minutes each, including any rebuttal).  With respect to these claims, the parties should be prepared to address and discuss in particular:

### Claim 10

- Both parties indicate de novo review of this claim is appropriate. (*See* ECF Nos. 235 at 37, 245 at 48.)  Please address the role of deference, even under de novo review, to state court's factual findings pursuant to *Stevens v. Davis*, 25 F.4th 1141, 1165-66 (9th Cir. 2014).
- The record evidence as to whether Stephanie W. was a member of a "cognizable racial group." (*See e.g.* RT 2067, 2069); *Crittenden v. Ayers*, 624 F.3d 943, 955 (9th Cir. 2010), quoting *Batson v. Kentucky*, 476 U.S. 79, 96 (1986).
- Whether a prima face case has been shown as to Carl H. and Stephen A, *see Batson*, 479 U.S. at 93-97 and *California v. Johnson*, 545 U.S. 162, 168 (2005), and the deference, if any, to be given to the trial court's findings.  (*See e.g.* RT 1809.)
- *Batson* step two and the adequacy/inadequacy of the prosecutor's provided list of reasons for the contested strikes.
- As to *Batson* step three, (1) the impact, if any, of the prosecutor noting that Carl H. was single and noting Stephen A.'s haircut, grammar/pronunciation and that people he knew were shot rather than killed, on the consideration of the other provided reasons and as it relates to an overall analysis of the motivations for the prosecutor's peremptory strikes, (2) the impact of comparative juror analysis, specifically Stephen A.'s failure to recall the child victim as compared to seated juror Nancy B. and also to struck prospective juror Frank E., and (3) the deference, if any, to be given to the trial court's findings (*see e.g.* RT 1814, 2078-79).

### Claims 26A and 27A

- The impact of the limited information Petitioner has provided about the investigation trial counsel conducted into his mental health prior to trial (i.e. that the two experts counsel consulted each indicated Petitioner was not mentally ill and his drug use was not mitigating) on the Court's evaluation of counsels' performance.

- The record evidence that trial counsel was aware, or should have been aware, of Petitioner's repeated head injuries.
- The import and impact of trial counsels' use of a defense investigator to locate witnesses and obtain records instead of a social historian or mitigation specialist.
- The record evidence, if any, of a connection between Petitioner's learning difficulties and his mental state at the time of the murders.
- Whether the funding requests Petitioner references (CT 1690-93/Exhibit AA) can be considered by the Court. Specifically, please address whether those materials were unsealed and/or provided to the state supreme court when it considered Claim 27A.
- The adequacy/inadequacy of trial counsels' penalty phase investigation and presentation and the impact of the mitigation evidence that counsel could have investigated and presented, in view of the numerous witnesses that testified on Petitioner's behalf at the penalty phase.

The Court further advises that in the remainder of the time allocated for oral argument (70 minutes total; 35 minutes each, including rebuttal), the parties should be prepared to address the following additional procedural and/or substantive matters:

- **_Request for Evidentiary Hearing_** - In the briefing, Petitioner indicates he requests a hearing on Claim 1-2, 4, 6-7, 12, 15-19, 21-23, 26-27, 30, 36-37 and 39-42. What evidence would Petitioner expect to present at an evidentiary hearing and as to which claims or claims? Please specifically be prepared to address this request as it relates to Claims 1-2, 4, 6-7, 12, 15-19, and 23, which appear to be based solely on the trial record. Additionally, with respect to Claims 26D, 26E, 26I, 27C and 41, please address the impact of a section 2254(e)(2) analysis on the request for evidentiary hearing. *See Shinn v. Ramirez*, 596 U.S. 366 (2022).
- **_Petitioner's Notice of Lodgment_** and related pleadings (ECF Nos. 235-238) - If the Court grants lodgment, whether and to what extent can the Court consider materials not previously presented to state court under section 2254(d)? Please also be prepared to discuss whether and to what extent the Court can consider lodged

materials appearing to relate to Claim 30 and the impact of those materials, if any, on the Court's consideration of that claim.

- ***Procedural Defenses*** - As to Respondent's general contention that review of materials not previously presented to the state court is precluded pursuant to *In re Waltreus*, 62 Cal.2d 218, 225 (1965), are any specific materials precluded from review, and if so, what materials and as to which claims? Please specifically address this contention as it potentially relates to Claim 10, Claims 36 and/or Claim 37.

- ***Statute of Limitations/Timeliness*** - Can the parties confirm their apparent agreement that the non-Almond aspects of Claim 42 are timely? With respect to Claim 43, where in the original Petition did Petitioner raise complaints or concerns about delays in his own case? If none were raised, please address whether and how this claim is timely. With respect to Claim 44/45, does Petitioner assert this claim relates back to any claim or claims contained in the original Petition? If so, which claim or claims? If not, please address whether and how this claim is timely.

- ***Claim 27B and Claim 27E*** - The claims appear identical as outlined in the operative Petition (ECF No. 100) and as raised in the state habeas petitions, but the substance of these two claims appear to differ in merits briefing. Claim 27B, as outlined in the merits briefing, appears unexhausted. Please address.

- ***Claim 37*** - Please discuss the evidence, specifically record citations, supporting the contention Padilla's comments were made in response to inquiry by another juror.

**IT IS SO ORDERED.**

Dated: March 27, 2025

Hon. Anthony J. Battaglia
United States District Judge